UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

**HEATHER KIRSCH,**
1817 Highland Drive Unit 31
Grafton, WI 53024

       Plaintiffs,

-vs-                                  **Case No**: 21-1031

**FIRST PREMIER BANK,**
3820 N. Louise Ave.
Sioux Falls, SD 57107

       Defendant.

## COMPLAINT

**NOW COMES,** the Plaintiff, Heather Kirsch, by and through her attorneys, Lawton & Cates, S.C. and Attorney Briane F. Pagel, and hereby alleges as follows:

1. Plaintiff Heather Kirsch is an individual citizen of Wisconsin residing at 1817 Highland Drive, Unit 31, in Grafton, Wisconsin.
2. Defendant First Premiere Bank is upon information and belief a banking corporation with a principal place of business located at 3820 N. Louise Ave., Sioux Falls, South Dakota.

### Jurisdiction of the Court:

3. Jurisdiction of the Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1681s-2(b) and 15 USC 1681-p.
4. Further, Kirsch brings state law claims in which she will seek damages greater than $75,000, and thus this Court has jurisdiction under 28 U.S.C. §1332.
5. Further, to the extent that Ms. Kirsch's damages for state law claims may be less than $75,000, this Court has jurisdiction over those claims pursuant to 28 U.S.C. §1367, as they arise from the same set of facts and transactions.
6. Venue is proper in this District because the plaintiff resides in the District.

## Factual Allegations:

7. Prior to 2015, Plaintiff Heather Kirsch ("Kirsch") had open-end credit accounts with First Premiere Bank; Ms. Kirsch used this account for her personal, family and household purposes.
8. Ms. Kirsch fell behind on payments to First Premiere on the credit accounts
9. In 2015 Ms. Kirsch filed in Wisconsin Circuit Courts an "assignment for the benefit of creditors" proceeding, under which a court-supervised trustee collected payments and applied them to debts which were included in the assignment.
10. Both accounts Ms. Kirsch had with First Premiere were debts included in the debt assignment proceeding.
11. First Premiere was made a party to the debt assignment, and was given notice of the assignment proceedings.
12. Pursuant to the debt assignment proceedings, Ms. Kirsch made payments on both accounts to First Premiere through the trustee for a period of three years. On December 7, 2017, Ms. Kirsch completed the assignment, and the Washington County Circuit Court issued an order deeming that all debts included in the assignment were deemed paid in full.
13. The court order deeming debts, including First Premiere's accounts, has gone unappealed and unchallenged for years, and is conclusive proof that Ms. Kirsch owed First Premiere no further money as of December 7, 2017.
14. Despite the Court's order and First Premiere having been paid in full by December 7, 2017, First Premiere has provided information to consumer credit reports indicating that Ms. Kirsch still owes money to it for the accounts that were paid in full.
15. Ms. Kirsch's September 2020 credit reports included this report from First Premiere:



16. Ms. Kirsch's November 20, 2020, show the following:



17. These reports show that First Premiere told credit reporting agencies that between 10/2020 and 11/2020, Ms. Kirsch had a "high balance" of $525, and that she still has a balance owed of $45.

3

18. Prior to the dates on which First Premiere reported the above foregoing information to credit reporting agencies, Ms. Kirsch in fact disputed the accuracy of these reports through the credit reporting agencies.
19. Following that report, upon information and belief, First Premiere was contacted by credit reporting agencies and First Premiere reported to the agencies that the information reported was accurate.

## First Cause of Action:
## Violation of Fair Credit Reporting Act:

20. Reallege and incorporate the foregoing as though set forth fully at this point.
21. First Premiere received notice of Ms. Kirsch's dispute with regard to the accuracy of the information provided by it to consumer reporting agencies; Ms. Kirsch reported that she did not owe the debt.
22. Upon information and belief, First Premiere upon receipt of the dispute, either failed to investigate the matter at all, or failed to perform a reasonable investigation.
23. Since First Premiere was a party to the debt assignment proceeding, and since First Premiere had been paid in full 3 years earlier, it is reasonable to infer that First Premiere's records should have showed that it was paid in full.
24. Further, the assignment of debts proceeding was a public matter to which First Premiere was a party, and First Premiere could have, in a reasonable investigation, determined that the assignment proceeding had resulted in it being deemed to have been paid in full.
25. First Premiere's failure to conduct a reasonable investigation resulted in it reporting inaccurate information to the consumer reporting agency, and as a result, First Premiere violated the Fair Credit Reporting Act.
26. Ms. Kirsch used the assignment proceeding to try to clear up her debts and begin to improve her credit. Ms. Kirsch has been working for some time to improve her credit rating in hopes of being able to purchase a house in the near future.
27. Ms. Kirsch has had to curtail her efforts to clear up her credit because First Premiere refuses to correct this matter, forcing Ms. Kirsch to devote her time and energy to this matter rather than to other aspects of her credit history.

28. Ms. Kirsch has had to delay her efforts to clear up her credit and hire an attorney to help her clear her credit. Ms. Kirsch had to hire counsel to write a letter to First Premiere to attempt to clear her credit.
29. Ms. Kirsch suffered emotional distress caused by First Premiere's failure to conduct a reasonable investigation and accurately report her balances, as Ms. Kirsch suffered anxiety and worry that she would not be able to remove this matter from her credit record and as a result would not be able to purchase a house. Ms. Kirsch's distress caused her to have difficulty concentrating, interfered with her ability to interact with her family, and caused her to focus on this debt to the neglect of other matters in her life, as well as causing her other emotional and mental distress.
30. In addition, Ms. Kirsch and her family have been renting their housing. Ms. Kirsch has had to worry that the First Premiere negative reports might cause them to be denied housing if they have to move.
31. As a direct and proximate result of the foregoing, Ms. Kirsch is entitled to relief under the Fair Credit Reporting Act.

## Second Cause of Action: Violation of the Wisconsin Consumer Act:

32. Reallege and incorporate the foregoing as though set forth fully at this point.
33. First Premiere is a business which engages in transactions that result in individuals incurring debt and being allowed to repay that debt in installments with interest charged on the debt.
34. First Premiere made the credit reports in this case in an attempt to cause Ms. Kirsch to pay money to it.
35. At the time First Premiere made the reports, Ms. Kirsch did not owe First Premiere any money, and, as a result of the court's order in the debt assignment proceedings, First Premiere was precluded from demanding further payment on the two accounts which were the subject of the reports.
36. First Premiere knew or should have known that it lacked the right to demand payment from Ms. Kirsch.
37. As a direct and proximate result of the foregoing, Ms. Kirsch has been damaged and is entitled to remedies under the Wisconsin Consumer Act.

5

38. Upon information and belief, First Premiere's actions were done with an intentional disregard of Ms. Kirsch's rights under the Wisconsin Consumer Act, and if Ms. Kirsch prevails on her Wisconsin Consumer Act claims, she will be entitled to an award of punitive damages.

### Third Cause of Action:
### Defamation:

39. Reallege and incorporate the foregoing as though set forth fully at this point.
40. First Premiere communicated in writing to third persons, with the intent that even more persons or entities would see its communications, about Ms. Kirsch's alleged balances owed to it.
41. First Premiere's written communications as alleged herein were false.
42. First Premiere's written communications tended so to harm the reputation of Ms. Kirsch as to lower Ms. Kirsch in the estimation of the community, and/or tended to deter others from associating or dealing with Ms. Kirsch.
43. As a result of the foregoing, Ms. Kirsch has suffered mental and emotional distress and anguish, and damage to her reputation.
44. Further, upon information and belief, First Premiere's actions were done with an intentional disregard of Ms. Kirsch's rights to be free from damage to her reputation and estimation in the community, and if Ms. Kirsch prevails on her defamation claims, she will be entitled to an award of punitive damages.

**WHEREFORE** plaintiff requests the Court award her such damages, costs, fees, and other relief as she may be entitled to or as is just and equitable.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES IN THIS COMPLAINT.**

Dated: This 3rd day of September, 2021.

**Lawton & Cates, S.C.**
Attorneys for Plaintiff, Heather Kirsch
*Electronically Signed By:*

*/s/ Briane F. Pagel*_____
Attorney Briane F. Pagel
State Bar No. 1025514